# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

BEVERLY RIMMER,

        Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

Case No: 2:14–cv–01355–JAD–VCF

**REPORT & RECOMMENDATION**

      This matter involves Plaintiff Beverly Rimmer's appeal from Defendant Carolyn W. Colvin's final decision denying Plaintiff social-security benefits. (Compl. (#3) at 2[1]). Plaintiff claimed disability based on problems with her left knee and right shoulder, hypertension, back pain, post-concussion syndrome, and depression. (Admin. Rec. at 45). Before the court is Plaintiff's Motion to Remand (#14). In response, Defendant filed a Cross Motion to Affirm (#15) and an Opposition (#16). For the reasons stated below, the court recommends denying Plaintiff's Motion to Remand and granting the Defendant's Cross Motion to Affirm.

## BACKGROUND

      In August 2010, Plaintiff Beverly Rimmer applied for supplemental security income. (Admin. Rec. at 155). Plaintiff's application was denied initially on October 19, 2010 and upon reconsideration on June 28, 2011. (*Id*. at 96, 100). Administrative Law Judge ("ALJ") Norman Bennett held a hearing on September 21, 2012. (*Id*. at 43-63). On October 11, 2012, the ALJ issued an unfavorable decision finding that Plaintiff had not been disabled since the date her application was filed. (*Id*. at 22-36). The

---

[1] Parenthetical citations refer to the court's docket or the administrative record.

ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 16, 2014. (*Id.* at 6-8). On August 20, 2014, Plaintiff commenced this action for judicial review by filing an Application for Leave to Proceed *in forma pauperis.* (#1). The Application was granted (#2), and the Complaint was filed on August 22, 2014. (#3).

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security applicants and recipients have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a person benefits, the District Court must review the Commissioner's decision to determine whether it accords with the Due Process Clause. *Eldridge*, 424 U.S. at 340; 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. The court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the court must uphold the Commissioner's

interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

**DISCUSSION**

Plaintiff appeals the Defendant Commissioner's final determination on two grounds. First, Plaintiff argues that the ALJ erred by not making prior administrative final decisions part of the record in the decision at issue. (Pl.'s Mot. to Remand (#14) at 6:4-8). Second, Plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her limitations on reaching. (*Id.* at 7:11–14). A limitation on reaching would be relevant to the holding, because the occupations the Vocational Expert proposed involve frequent reaching, as described in the Dictionary of Occupational Titles ("DOT"). (*Id.* at 9: 2-4).

I.      **Effect of Prior Administrative Final Decisions**

Plaintiff filed four claims for disability benefits before the application in August 2010. (Admin. Rec. at 160-161). Two ended at the initial denial stage in 2002 and 2005. (*Id.* at 161). One ended when it was denied upon reconsideration in 2006. (*Id.* at 160). In April 2009, there was hearing regarding Plaintiff's remaining application for disability insurance benefits. (*Id.*) Plaintiff's application was denied, as was the appeal of the denial, making the decision final. (*Id.*). That is the last decision recorded in Plaintiff's record of Social Security filings prior to the decision at issue. (*Id.*). However, in the Administrative Record there is a hearing transcript from October 2009. (*Id.* at 65-74). Neither the final decision from April 2009 nor any decision reached after October 2009, other than the decision at issue, is included in the Administrative Record.

Plaintiff argues that the final decision from April 2009 and any final decision reached after October 2009 are relevant to the decision at issue and should have been considered by the ALJ under the principle of res judicata. (Pl.'s Mot. to Remand (#14) at 6: 21-22). Defendant argues that any error was harmless and did not prejudice Plaintiff. (Def.'s Cross Mot. (#15) at 8:13-20).

### A.     Legal Standard

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings." *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988). "[A] previous ALJ's findings concerning residual functional capacity, education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (citing *Chavez*, 844 F.2d at 694). The fear is that the second ALJ will reconsider "prior findings based strictly on information already presented to the first judge" and come to a different decision. *Stubbs-Danielson*, 539 F.3d at 1173.

"Reversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). Courts have "affirmed under the rubric of harmless error where the mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). "Among the case-specific factors an appellate court must consider are "an estimation of the likelihood that the result would have been different," as well as the impact of the error on the public perception of such proceedings." *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Shinseki v. Sanders,* 556 U.S. 396, 409 (2009)).

"Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm." *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir. 2011).

**B.     April 2009 Decision**

In April 2009, ALJ W. Stephen Hubbard ruled that Plaintiff was not disabled from August 1, 2000 through the date of the decision, April 15, 2009. (Ex. to Def.'s Cross-Mot. (#15-1) at 4, 11). ALJ Hubbard found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work. (*Id.* at 8). ALJ Hubbard further held that Plaintiff had at least a high school education and was able to communicate in English. (*Id.* at 10). Finally, ALJ Hubbard held that Plaintiff had relevant work history as a laborer, categorizing the work as heavy and semiskilled. (*Id.* at 9).

The decision at issue, finalized on April 16, 2014, was based on Plaintiff's "complete medical history." (Admin. Rec. at 25). Though the decision mainly cites information from 2010 and 2011, it also cites information from as far back as 2000. (*Id.* at 28). Therefore, there is the potential for analysis performed in this later decision to contradict the findings of the April 2009 decision. The ALJ in this case erred by failing to at least address the final decision reached in Plaintiff's prior claim.

However, in this case, unlike *Chavez*, the ALJ clearly relied on new information not available in the April 2009 decision. In *Chavez*, the court specifically stated that "the Secretary failed to point to a record demonstrating that this 'new' information had not been presented to the first administrative law judge." 844 F.2d at 694. In this case, the ALJ cited many pieces of new information that were not available to ALJ Hubbard, who made the prior decision. The prior decision was made final in April 2009. (Admin. Rec. at 6-8). In the decision at issue, the ALJ's opinion cites to several medical evaluations from 2010 through 2012. (*Id.* at 27-36). Because the ALJ relied on new information in making its decision, the decision did not run afoul of res judicata.

5

In addition, there is no evidence of prejudice in the record. Plaintiff's educational level is identical between the two decisions. (Ex. to Def.'s Cross-Mot. (#15-1) at 10; Admin. Rec. at 35). The RFC for the April 2014 decision is more favorable to Plaintiff than the previous decision. The April 2009 decision placed no limitations on Plaintiff's ability to perform a full range of light work. (Ex. to Def.'s Cross-Mot. (#15-1) at 8). The April 2014 decision acknowledged a limitation regarding overhead reaching. (Admin. Rec. at 31). The analysis of past relevant work in the April 2014 decision is also more favorable to Plaintiff. Though the April 2009 decision listed past relevant work history for Plaintiff (Ex. to Def.'s Cross-Mot. (#15-1) at 9), the April 2014 decision found that there was none (Admin. Rec. at 35). A finding that there was no relevant past work history would tend to support a Vocational Expert's determination that there are no occupations that Plaintiff is fit to perform, because she is unskilled. (*Id.*).

Though the April 2014 decision did not take into account the April 2009 decision in its reasoning, the more recent decision was based on evidence presented after April 2009. In addition, any error was harmless. Had the ALJ followed the findings of the April 2009 decision, the April 2014 decision would have gone even more harshly against Plaintiff.

**C.     October 2009 Hearing**

There is no evidence on the record of what developments followed the hearing from October 2009. The hearing itself does not make any findings, and the index of the transcript indicates that no testimony was taken. (Admin. Rec. at 65). Its purpose was to address "several things [the ALJ needed] to do for [Plaintiff's] case before [they] really [had her] hearing." (*Id.* at 66). The ALJ sought Plaintiff's assistance in where to find medical information to "fill in the gaps in the record" (*Id.* at 73), explained how Plaintiff could obtain counsel (*Id.* at 68-70), and updated Plaintiff's contact information (*Id.* at 70-71).

Plaintiff has provided no evidence that the October 2009 hearing resulted in a final decision. Plaintiff was able to cite a Disability Report issued from the Social Security Field Office to show the existence of a final decision from April 2009 (Admin. Rec. 160), but no similar notation exists for any decision reached between April 2009 and April 2014. The Disability Report was created August 14, 2010 as a part of Plaintiff's Social Security benefits application process. (*Id.*) Without evidence of any final decision reached before this time, and the hearing performing a record-keeping rather than record-enhancing service, this court should not remand the Commissioner's decision based on pure speculation.

Plaintiff argues that the October hearing "would have resulted in a new decision at some point in time," despite the lack of evidence. (Pl.'s Mot. to Remand (#14) at 6: 20-21). One possible reason for the lack of evidence would be that the final decision was reached after the date the Disability Report was created. However, Social Security procedures state that a subsequent application filed before July 2011 could only be processed once a prior application was finally adjudicated or pending "at the Appeals Council level of [the] administrative review process." SSR 11-1P.[2] While this ruling may not always be followed, the burden in this appeal was on Plaintiff. *See Molina*, 674 F.3d at 1111; *McLeod*, 640 F.3d at 887. Plaintiff has only speculated about the potential impact of a possible final decision on the decision at issue. Plaintiff has made no showing of any final decision between October 2009 and the decision at issue or that any prior final decision resulted in prejudice.

Plaintiff has failed to show that res judicata is beneficial to her case. The ALJ's failure to address the April 2009 ruling resulted in an evaluation of Plaintiff's abilities and history which was more favorable to Plaintiff. Absent a showing of prejudice, remanding is inappropriate. Plaintiff has not

---

[2] "SSRs reflect the official interpretation of the SSA and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. SSRs do not carry the force of law, but they are binding on ALJs nonetheless." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009) (internal citations omitted).

provided any evidence that the October 2009 hearing resulted in a final decision. Without more than speculation about a final decision, this court cannot rely on res judicata to remand Defendant's decision.

## II. Rejecting Plaintiff's Testimony About Disability

Plaintiff next argues that she testified to limited forward reaching at the September 2012 hearing and in the written record. (Pl.'s Mot. to Remand (#14) at 8: 25-26). At the hearing, Plaintiff stated,

> "I don't reach -- yeah. I have -- like, reaching up high. Like, say you've got to go and the cabinet to get something out of the cabinet, okay? So, if I try to reach up and go get something out of the cabinet, you know, I don't -- it, It hurts, more than I can. I can reach far as like this. This is far as I will go. But far as trying to get up in the cabinet, reach up there to get something, no, I don't."

(Admin. Rec. at 50). A document asking how Plaintiff's limitations affected certain activities states that she could perform no reaching. (*Id.* at 202). The ALJ noted a limit in overhead reaching with the right arm in Plaintiff's RFC, but no limitation on forward reaching. (*Id*. at 31). The occupations the Vocational Expert listed as possibilities for Plaintiff all involve reaching. (*Id*. at 36; Pl.'s Mot to Remand (#14) at 9:2-4).

### A. Legal Standard for Determining Residual Functional Capacity under the Social Security Act

To qualify for benefits under the Social Security Act, a claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). When making this determination, the Commissioner engages in a five step inquiry.

Before proceeding to step four, the Commissioner must determine the claimant's residual functional capacity. *See* 20 C.F.R. §§ 404.1520(e); 416.920(e). Residual functional capacity is a

function-by-function assessment of the claimant's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Ruling 96-8p. In laymen's terms, it is "the most [the claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 404.1545(a). In determining a claimant's residual functional capacity, the ALJ "must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and 'the effects of symptoms, including pain that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (citation omitted); *see also Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (holding that whether substantial evidence supports a finding is determined from the record as a whole).

The Commissioner must engage in a two-step analysis when evaluating the credibility of a claimant: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal citations omitted).

**B.     Whether the ALJ Articulated Sufficient Reasons to Discredit Plaintiff's Testimony**

The evidence that Plaintiff presents regarding a limitation specifically on forward reaching consists of two words in one document (Admin. Rec at 202) and a statement at the September 2012 hearing (*Id.* at 50). The document, as Defendant points out (Def.'s Cross-Mot. (#15) at 3: 2-4), is a third

party Function Report. (Admin. Rec. at 197-204). It was filled out by Plaintiff's daughter. (*Id.* at 204). Plaintiff has never asserted, as the third party Function Report states, that her reaching is limited to "none." (*Id.* at 202). At the September 2012 hearing, Plaintiff said that she could "reach far as like this." (*Id.* at 50). The statement in the Function Report is the opinion of one person, directly contradicted by other evidence. Therefore, the ALJ did not err by choosing not to base his opinion on this written statement.

The remaining piece of evidence, Plaintiff's statement during the September 2012 hearing, is not clear enough to serve a as basis for remanding Defendant's decision. The statement referenced some kind of motion taking place when Plaintiff said, "I can reach far as like this. This is far as I will go." (*Id.*) The ALJ was at that hearing and could see what motion Plaintiff was referring to. (*Id.* at 44). The only type of reaching Plaintiff said she does not do was reaching up high, like "trying to get up in the cabinet." (*Id.* at 50). This court finds that no sufficient allegation of a forward-reaching limitation was raised for the ALJ to even consider.

Even if the record showed a sufficient allegation of limited forward reaching by Plaintiff, the ALJ gave clear and convincing reasons to only find a limitation in overhead reaching with the right arm. The ALJ remarked twice on an incident when Plaintiff assisted in lifting a large metal bar. (*Id.* at 32, 34). This action goes against Plaintiff's assertion of pain and limited motion in her right shoulder. (*Id.*) The ALJ also noted general credibility issues with Plaintiff, such as discrepancies regarding her ability to sit comfortably (*Id.* at 28, 31) and Plaintiff not receiving consistent medical treatment despite alleging consistent medical issues (*Id.* 34). The ALJ also examined and cited to the medical record in detail, providing more than adequate support for his decision. (*Id.* at 31-35).

Finally, Defendant argues that even a finding of some limitation in forward reaching would not have yielded a different result in this decision. (Def.'s Cross-Mot. (#15) at 6: 6-9). Plaintiff contends that

10

a limitation on forward reaching would make performing the occupation suggested by the Vocational Expert impossible. (Pl.'s Mot. to Remand (#14) at 9:1-4). However, this limitation would only extend to the right arm, since Plaintiff stated in the September 2012 hearing that her left shoulder was "okay." (Admin Rec. at 60).

There is a disagreement between district courts within the 9th Circuit regarding whether the requirement of reaching in the DOT requires the ability to use both arms. Some courts have found that the DOT does not require the use of both arms in reaching.[3] Some courts have found that there is an inherent conflict when a Vocational Expert testifies that a claimant with limited or no use of one arm can perform a job that requires a high level of reaching.[4] There is no controlling 9th Circuit or District of Nevada case addressing this issue. In Social Security Appeal cases, if the evidence supports more than one interpretation, the court must uphold the ALJ's interpretation. *Burch*, 400 F.3d at 679. Even if the ALJ had considered a forward reaching limitation in Plaintiff's RFC, he also could have, justifiably under the law, decided that the DOT only requires the one of one good arm. Therefore, the court does not recommend that the Commissioner's ruling be remanded.

Plaintiff has not established that the ALJ's decision was based on less than substantial evidence. Plaintiff was not prejudiced by the ALJ failing to address previous final decisions reached in Social Security administrative proceedings. Even if Plaintiff raised an allegation of a limitation on forward

---

[3] *See Lamear v. Colvin*, No. 3:13-CV-01319-AC, 2014 WL 6809751, at *2 (D. Or. Dec. 1, 2014); *Landrum v. Colvin*, No. 2013 WL 3819675, at *6 (C.D. Cal. July 23, 2013); *Palomares v. Astrue*, 887 F. Supp. 2d 906, 920 (N.D. Cal. 2012); and *Felbusch v. Astrue*, 2008 WL 583554, at *4 (D. Hawaii 2008).

[4] *See Marquez v. Astrue*, No. CV-11-339-TUC-JGZ-DT, 2012 WL 3011778, at *3 (D. Ariz. May 2, 2012); *Silvera v. Astrue,* No. CV–09–1935–JC, 2010 WL 3001619 (C.D. Cal. July 29, 2010); *Marshall v. Astrue,* No. 08-CV1735–L(WMC), 2010 WL 841252, at *6 (S.D. Cal. Mar. 10, 2010); *Jordan v. Astrue,* No. 09–CV1559–MMA, 2010 WL 2816234 (S.D. Cal. May 4, 2010); and *Meyer v. Astrue,* No. 1:09–cv–01448–JLT, 2010 WL 3943519 (E.D. Cal. Oct.1, 2010).

reaching, which is not clear from the record, the ALJ gave sufficient reasoning for his decision to find no limitation on forward reaching.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff's Motion to Remand (#14) be DENIED.

IT IS FURTHER RECOMMENDED that Defendant's Cross Motion to Affirm (#15) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 7th day of April, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE